**TRANSPORT LIFE INSURANCE COMPANY, Appellant,**

v.

**Beverly Joan KARR, Appellee.**

**No. 8347.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 26, 1973.

Brundidge, Fountain, Elliott & Churchill, Bobby D. Dyess, Dallas, for appellant.

James M. Gerdeman, Lubbock, for appellee.

REYNOLDS, Justice.

Liability was decreed on a certificate of coverage issued pursuant to a group policy of insurance. The insurer appeals, contending that the exclusions of the group policy are not limited by the language of the certificate. Reversed and rendered.

Transport Life Insurance Company issued to the policyholder Merchants Fast

Motor Lines, Inc., payer of all premiums, a group policy of insurance, insuring eligible employees and officers of Merchants according to a schedule of benefits. Additionally, a sum corresponding to the amount of the scheduled life insurance was payable for accidental death. The group policy accidental death section contained an exclusion providing

"No Accidental Death . . . Benefits will be paid for any loss which results directly or indirectly, wholly or partly, from: . . . taking of poison or asphyxiation from or inhaling of gas, whether voluntarily or involuntarily."

Michael D. Karr was an employee of Merchants, insured under the group policy for $10,000.00 life insurance and a like amount for accidental death. The insured was issued a Certificate of Coverage on which was imprinted "This is an explanation of the Plan in nontechnical language. Your Employer has complete information and forms for filing claims." The certificate contained the information that:

"Losses are not covered if they are a result of:

\*     \*     \*   ·   \*     \*     \*

(5) the taking of poison or asphyxiation from inhaling gas."

While the policy was in force, Michael D. Karr was found dead, sitting in an automobile. An autopsy was performed and a death certificate was issued stating that the cause of death was carbon monoxide poisoning. The insurance company paid the life insurance proceeds of $10,000.00, but refused the claim for the $10,000.00 accidental death benefits on the basis of the group policy exclusion. Beverly Joan Karr, the wife and designated beneficiary of Michael D. Karr, brought this suit upon the Certificate of Coverage to recover the accidental death benefits.

Mrs. Karr introduced in evidence the certificate, but did not offer the group policy. A copy of the group policy of insurance, the autopsy protocol and the death certificate were offered in evidence by the insurance company and admitted. Dr. John P. Ray, Jr., a physician specializing in pathology, performed the autopsy. It was his opinion, based on reasonable medical probability after performing the autopsy, that the insured died as the result of inhaling carbon monoxide gas. The trial court, sitting without the intervention of a jury, found that the insured died as a result of accidental carbon monoxide poisoning, and decreed liability for the accidental death benefits, together with penalty and reasonable attorney's fees, on the finding that

". . . the certificate of insurance recites: 'This is an explanation of the Plan in non-technical language' and 'Losses are not covered if they are the result of: . . . . . . the taking of poison or asphyxiation from inhaling gas' which is interpreted to mean the voluntary taking . . . ."

■ The contract of insurance was that provided by the group policy; recovery was not authorized under the certificate of coverage, issued in compliance with V.A. T.S. Insurance Code, art. 3.50, Sec. 2(7), because the certificate did not constitute the complete contract of insurance, but merely evidenced the right to participate under the group policy. Wann v. Metropolitan Life Insurance Company, 41 S.W. 2d 50 (Tex.Comm'n App.1931, holdings approved). Even if the exclusion language utilized in the certificate is less limited than that employed in the master group policy, the group policy exclusion is controlling. Wann v. Metropolitan Life Insurance Company, supra; Boyd v. Travelers Insurance Company, 421 S.W.2d 929, 932 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.).

■ Thus, the trial court erroneously decreed liability through applicability of the certificate's language to determine that the taking of poison or asphyxiation from inhaling gas means the voluntary taking. The group policy language controls and it

is clear. Death by poison or inhalation of gas, irrespective of whether the act be voluntary or involuntary, is excluded from coverage. Upon establishment that the insured's death resulted from carbon monoxide poisoning or inhaling carbon monoxide gas, it became immaterial whether it was voluntarily or involuntarily for, in either event, the insurance company was not liable under the group policy.

The judgment of the trial court is reversed, and judgment is here rendered that plaintiff take nothing by her suit.