308 So.2d 312 (1975)
Marie Frank ELMER, provisional administratrix of the Estate of Paul C. Elmer, Plaintiff-Appellant,
v.
WASHINGTON NATIONAL INSURANCE COMPANY, Defendant-Appellee.
No. 4882.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
Writ Refused May 16, 1975.
J. Barry Mouton, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by V. Farley Sonnier, Lafayette, for defendant-appellee.
Before HOOD, MILLER and WATSON, JJ.
WATSON, Judge.
Marie Frank Elmer, plaintiff, brought this suit to recover on behalf of the estate of the late Paul C. Elmer certain hospitalization benefits under a policy of group insurance written by the defendant, Washington National Insurance Company. The trial court held that the policy provisions preclude dual recovery of the disputed amounts which were paid under Medicare and, from this decision, plaintiff appeals.
Defendant contends that the "coordination of benefits provision" (sometimes referred to as "COB") precludes payment of hospitalization benefits also paid by Medicare. Plaintiff's contention is that the COB provision is ambiguous, and that, accordingly, it must be construed against the insurer. The issue is whether the coordination of benefits provision in the insurance *313 policy written by defendant is ambiguous and allows plaintiff to recover.
To analyze the COB provision it is necessary first to consider that part of the policy which says that payments made by Medicare shall not also be paid by defendant. This is found in Section B.2. and reads as follows:
"2. Except as provided in item 3 below, the benefits that would be payable under `This Plan' in the absence of this coordination provision for the Allowable Expenses incurred as to such person during such Claim Determination Period shall be reduced to the extent necessary so that the sum of the reduced benefits and all the benefits payable for such Allowable Expenses under all other Plans shall not exceed the total of such Allowable Expenses. Benefits payable under another `Plan' include the benefits that would have been payable had claim been duly made therefor."
On casual reading, this paragraph is difficult to understand. However, by referring back to Section A of the COB provision which provides definitions, the paragraph becomes more easily understood. These definitions read as follows:

"COORDINATION OF BENEFITS PROVISION
This provision shall apply only to the benefits of this policy shown under "This Plan" below and shall supersede any other provisions of this policy referring to "Non-Duplication of Benefits" or any wording in this policy stating that covered expenses shall not include expenses for which benefits are provided under any other group plan.

Section A. Definitions
"Plan" means any plan providing benefits or services for or by reason of medical or dental care or treatment, which benefits or services are provided by (a) group, franchise, or blanket coverage, (b) group hospital service prepayment plans or group medical service prepayment plans, group practice, (c) any coverage under labor-management trusteed plans, union welfare plans, employer organization plans or employee benefit organization plans, and (d) any coverage under governmental programs (including Medicare), and any coverage required or provided by any statute.
The term "Medicare" as used herein means the Hospital and Supplementary Medical Insurance Plan established by Title XVIII of the Social Security Act of 1965, as then constituted or as later amended.
The term "Plan" shall be construed separately with respect to each policy, contract, or other arrangement for benefits or services and separately with respect to that portion of any such policy, contract, or other arrangement which reserves the right to take the benefits or services of other Plans into consideration in determining its benefits and that portion which does not.
"This Plan" means the following listed benefits of this policy:
All benefits of this policy, except
(a) Accidental Death and Dismemberment Benefit, and
(b) Accident and Sickness Disability Benefit if included.
"Allowable Expense" means any necessary, reasonable, and customary item of expense at least a portion of which is covered under at least one of the Plans covering the person for whom claim is made.
When a "Plan" provides benefits in the form of services rather than cash payments, the reasonable cash value of each service rendered shall be deemed to be both an Allowable Expense and a benefit paid."
*314 By determining the meaning of the phrases "This Plan", "Allowable expenses", and "Plan", it then becomes clear that what paragraph B.2. means is that if medical expenses are paid under some other plan (specifically including medicare), then the same benefit will not be paid under the defendant's policy. In other words, the COB provision has as its purpose the prevention of duplication of benefits or double recovery for medical expenses. Plaintiff's counsel makes a very able argument to the effect that the COB provision is ambiguous. However, the rule is
"... if an insurance policy is so drawn as to be equivocable, uncertain, or ambiguous and, for that reason, susceptible of two or more interpretations, either one being reasonable and sensible, the interpretation most favorable to the insured should be adopted." American Mfg. Corp. v. National Union Fire Ins. Co., 203 La. 515, 14 So.2d 430, at 432 (1942).
In other words, to be held ambiguous, the policy must be susceptible of two or more interpretations, both equally reasonable. This is not the same as saying that a policy provision which is somewhat poorly worded and difficult to understand has no meaning.
There is no question that the provisions in question are not as simple and plain as they might be. We cannot help but speculate why the drafters of an insurance policy would not simply say "no benefits are payable which are payable under medicare."
However, while the COB provision is somewhat difficult to read and understand, it is susceptible of only one reasonable interpretation and is not ambiguous. When the phrases used are understood, it is clear that the COB provision excludes payment of expenses covered by Medicare.
Therefore, we conclude that the trial court was correct in denying recovery to plaintiff. The judgment of the trial court is affirmed at appellant's costs.
Affirmed.