## 52907. WELCH v. PROFESSIONAL INSURANCE CORPORATION.

DEEN, Presiding Judge.

The insured and his wife were accidentally killed by breathing carbon monoxide fumes, described in the death certificate as acute carbon monoxide intoxication, while they were in a closed Volkswagen camper with the motor running. The policy provision on which the defendant relied in refusing to pay the death benefit reads: "This policy does not cover any loss incurred as a result of: . . . (i) taking of poison or asphyxiation from or voluntary inhaling of gas, or fumes. . ."

The exclusion obviously covers only the *voluntary* inhalation of a noxious gas. Does the word "asphyxiation" enlarge the meaning so as additionally to exclude the involuntary or accidental inhalation of a gas by means of which the insured is suffocated? Precisely, according to Black's Law Dictionary, the condition is asphyxia carbonica, defined as "a suffocation from inhalation of. . . carbon monoxide." The language of this policy is most unusual, and we do not find any jurisdiction where it has been adjudicated. The usual exclusion, exemplified by Transport Life Insurance Co. v. Karr, 491 SW2d 446 reads: "No Accidental Death. . . Benefits will be paid for any loss which results. . . from: . . .taking of poison or asphyxiation from or inhaling of gas, whether voluntarily or involuntarily." In such a case the words "voluntarily or involuntarily" refer to the poison, the asphyxiation, and the gas, and there is no question but that an exclusion results regardless of the intention of the insured. But here we have no such language. The exclusion, in the case of inhalation of gas, is limited to voluntary inhalation only, which means that the involuntary inhalation of carbon monoxide, a gas, which produces death, is not an excluded risk. The death, however, is by asphyxiation. If the involuntary inhalation of the gas results in death by asphyxiation, do we reach a different conclusion? But death by inhaling carbon monoxide is by definition death

by asphyxiation.

A review of cases dealing with exclusionary clauses of similar import reveals that the general trend of cases is to interpret the language as not excluding the risk of *involuntary* inhalation of a gas unless the policy plainly states to the contrary. See "Construction and application of provision of accident policy or accident feature of life policy regarding death or injury from gas," 137 ALR 760. Cf. *Vaughn v. Gulf Life Ins. Co.,* 64 Ga. App. 590 (13 SE2d 715). This conforms to the rule that exclusions from coverage are to be construed against the insurer, where construction is necessary. *Mutual Life Ins. Co. of N. Y. v. Bishop,* 132 Ga. App. 816 (1) (209 SE2d 223); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671 (222 SE2d 828). The insurer has the burden of demonstrating that the fact situation comes within the exclusion. Further, there is the general rule that if the policy may be construed in two ways, that most favorable to the insured must be adopted, because this view is (a) most favorable to the object to be accomplished, and (b) the contract as issued is upon a printed form prepared by the experts at the insurer's instance "in the preparation of which the insured has no voice." *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521, 527 (111 SE2d 488).

It also appears logical that where exclusions involving poison, suffocation, and gas appear in the same clause, and where "taking poison" suggests a voluntary act, and "voluntary inhalation of gas" demands a voluntary act, the term "asphyxiation" without further description, also refers to a voluntary act, and this is particularly true where the form of asphyxiation involved is in fact the inhalation of gas.

The trial court erred in granting summary judgment to the defendant.

*Judgment reversed. Webb and Smith, JJ., concur.*

Argued October 5, 1976 — Decided October 22, 1976 — Rehearing denied November 4, 1976 — 

*Carlisle, Chason & McRae, Edwin A. Carlisle, Terry S. McRae,* for appellant.

*Porter & Lehman, J. Richard Porter, III,* for appellee.