**Mary Jane Clark SAMUEL, widow of Bernard F. Samuel, Jr., Plaintiff-Appellant,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant-Appellee.**

No. 78–1716
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1979.

Andrew P. Carter, New Orleans, La., for plaintiff-appellant.

Johnston & Duplass, Lawrence J. Duplass, New Orleans, La., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Mary Jane Samuel appeals a summary judgment dismissing her suit against the company that had insured her deceased husband's life. Agreeing with the district court and defendant Sun Life Assurance Company of Canada that the contractual language is unambiguous and preclusive of further death benefits, we affirm.

The Sun Life policy insuring the life of Bernard Samuel included a double-indemnity, accidental-death provision. Certain risks were excluded from the accident coverage, however. At issue is a provision that excludes death resulting from "any gas, poison, drug or medicine taken, administered, inhaled or absorbed, voluntarily or otherwise, other than as a result of an occupational accident due to a hazard incident to the occupation of the life assured."

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Mrs. Samuel found her husband slumped over the wheel of his idling car in their closed garage around five a. m. on April 17, 1977. The coroner confirmed that death was due to carbon monoxide poisoning, and police investigators concluded the death had been accidental.[1] Sun Life paid Mrs. Samuel the face amount of the policy but refused her accidental death claim, citing the exclusion quoted above. Mrs. Samuel then sued in a Louisiana state court, from which the suit was removed to federal court by Sun Life. In opposing defendant's motion for summary judgment, Mrs. Samuel argued that her husband's death had been "accidental" under Louisiana law and that the exclusion was ambiguous and therefore to be construed against the insurance company.

Before Mrs. Samuel can take advantage of the various rules of construction regarding insurance policies, she must demonstrate an ambiguity in the exclusion provision. Louisiana courts have not yet faced a similar insurance provision, but the Louisiana Civil Code requires that the words of a contract are to be understood "in the common and usual signification, without attending so much to grammatical rules, as to general and popular use." La.Civ.Code Ann. art. 1946 (West 1977). Read in this fashion, the contractual language adequately expresses an agreement that death resulting from voluntary or *involuntary* inhalation of gas is generally an excluded risk. It is not significant legally that this agreement could have been expressed a bit more plainly by use of the phrase "voluntarily or involuntarily" instead of "voluntarily or otherwise." As written, the clause is "susceptible of only one reasonable interpretation and is not ambiguous." *Elmer v. Washington National Insurance Co.*, 308 So.2d 312, 314 (La.App.), *cert. denied*, 312 So.2d 340 (La.1975). Because " '[t]he law of insurance is the same in Louisiana as in other states,' " *Calcasieu-Marine National*

*Bank v. American Employers' Insurance Co.*, 533 F.2d 290, 295 (5th Cir.), *cert. denied*, 429 U.S. 922, 97 S.Ct. 319, 50 L.Ed.2d 289 (1976), our conclusion is buttressed by the identical judgments of other courts and commentators who have considered the challenged language. *See e. g., King v. New York Life Insurance Co.*, 72 F.2d 620 (8th Cir. 1934); *Safe Deposit & Trust Co. of Baltimore v. New York Life Insurance Co.*, 14 F.Supp. 721 (D.Md.), *aff'd*, 84 F.2d 1011 (4th Cir. 1936); *Kennedy v. New York Life Insurance Co.*, 178 Miss. 258, 172 So. 743 (Miss.1937); G. Couch, Insurance § 41:528, 529 at 442–44 (2d ed. 1962). We conclude, therefore, that Mrs. Samuel is not entitled to further death benefits under the insurance policy and that the district court correctly granted summary judgment dismissing her claim. Accordingly, the judgment below is AFFIRMED.

---

1. The police report noted that Mr. Samuel had last been seen at the racetrack. Mrs. Samuel's complaint in state court did not allege that her husband died because of an occupational accident. Her arguments on appeal are addressed primarily to the construction of the words "voluntarily or otherwise" in the exclusionary provision.