401 So.2d 402 (1981)
Hilda AUTHEMENT
v.
SECURITY INDUSTRIAL INSURANCE COMPANY OF DONALDSONVILLE.
No. 14079.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Joel Hanberry, Houma, for plaintiff and appellant.
Victor L. Marcello, Donaldsonville, for defendant and appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Plaintiff, Hilda Authement, appeals a trial court judgment denying her motion for summary judgment and granting the motion for summary judgment of defendant, Security Industrial Insurance Company of Donaldsonville, dismissing plaintiff's suit at her cost. We affirm.
On February 15, 1978, defendant issued an industrial life insurance policy on the life of Mitchell Paul Authement. Named as beneficiary was the plaintiff. The named insured was listed as being age one although he was actually born December 10, 1977, and was only two months old. The policy provided for $2,500 in funeral insurance *403 subject to a clause stating "Except that if the Insured's age at date of death is less than one year, the death benefit shall be one-half the amount shown above." The policy also provided for accidental death benefits of $2,500 in the event that the insured should die after age one.
Mitchell Paul Authement died an accidental death on September 5, 1978, at the age of eight months. Defendant paid $1,250 in funeral insurance benefits but relied on the insurance policy's exclusionary clauses to refuse additional funeral benefits or any accidental death benefits. Plaintiff subsequently brought suit.
Appellant claims that 1) the defendant should be bound by its "admission" that the insured was one year of age, 2) the exclusions were ambiguous and should be construed against defendant, and 3) the exclusions were contrary to statute.
Listing the insured's age as one on the benefits schedule does not constitute an admission which defendant is estopped to deny. The insured's exact date of birth was placed by plaintiff on the original application for insurance which was the basis for the whole policy. Likewise, the actual date of death, when the insured was eight months old, was a documented fact submitted to defendant by plaintiff. Plaintiff cannot at once establish decedent's correct age and rationally argue that defendant cannot rely on that age.
The policy's age exclusion and benefit limitation were not ambiguous at all. An asterisk clearly connected the amount of funeral insurance to the clause limiting such benefits to half should the insured die before age one. The exclusion prior to one year from accidental death benefits is obvious from reading Part 1 of the policy. While insurance policies will be strictly construed against the party writing them and while exclusions, if ambiguous, will be construed so as to provide coverage, tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry. The policy in question was clear. We do not find it abstruse.
Appellant urges that LSA-R.S. 22:259(3)(B) makes illegal the limiting and exclusionary clauses used. Section (3)(B) prohibits industrial life insurance policies from excluding liability for death except under certain listed conditions of which age is not one. The last paragraph of section (3)(B), however, refers to LSA-R.S. 22:253 and makes clear that neither funeral policies nor accidental benefits provisions in industrial life insurance policies are controlled by section (3)(B). Therefore the causes limiting and excluding plaintiff's recovery were valid.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by Hilda Authement.
AFFIRMED.