457 So.2d 751 (1984)
Georgia LEONARD, TUTRIX OF the Minor, Latoya M. BLAND, and Administrator of the Estate of Linda Bland
v.
CONTINENTAL ASSURANCE COMPANY and the Board of Trustees, State Employees Group Benefits Program.
No. 83-CA-0982.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
Writ Denied November 26, 1984.
*752 Raymond L. Simmons, Baton Rouge, for plaintiff-appellant Georgia Leonard Tutrix of the Minor, Layota M. Bland and Admin. of the Estate of Linda Bland.
Tommy Teague, Baton Rouge, for defendant-appellee Board of Trustees of the St. Employees Group Benefits Program.
Paul H. Spaht, Baton Rouge, for defendant-appellee Continental Assurance Co.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Georgia Leonard appeals a summary judgment granted in favor of the defendants, Continental Assurance Company (CAC) and The Board of Trustees of the State Employees Group Benefits Program (the Board). We affirm.
Linda Bland, a State employed food service worker at Earl K. Long Memorial Hospital, was insured under a group life insurance policy issued to the Board of Trustees of the State Employees Benefits Program, the policyholder, by Continental Assurance Company, the insurer. When she died on November 11, 1981, of accidental carbon monoxide asphyxiation while asleep at her home, CAC paid the face value of the policy, $17,000.00.
As administrator of Mrs. Bland's estate and tutrix of her daughter and sole survivor, Latoya M. Bland, Georgia Leonard sued CAC and the Board to recover additional benefits allegedly owed under the life insurance policy's accidental death benefits provision. CAC denied liability under the policy and filed a motion for summary *753 judgment on the basis of the following exclusion:
No benefit will be paid for any loss caused by or resulting from:
* * * * * *
(7) taking of poison whether voluntary or involuntary or asphyxiation from or inhaling gas, whether voluntary or involuntary, which does not arise out of or in the course of the Insured Employee's employment.
After a hearing, the trial court granted CAC's motion.
Immediately following that judgment, the Board filed a motion for summary judgment on the basis of the same exception and on the additional ground that as policyholder, the Board is not liable for the payment of any proceeds or benefits under the policy. The trial court granted this motion as well.
Plaintiff has taken a consolidated appeal from both judgments. The principal issue is whether there are any genuine issues of material fact and whether the defendants are entitled to judgment as a matter of law.
Appellant first contends that CAC and the Board are not entitled to judgment because the exception relied upon is ambiguous. In support of this contention, appellant's counsel makes the following argument, which we choose to quote from his brief rather than paraphrase:
[A]sphyxiation from or inhaling gas .... Does this suggest that the policy excludes loss caused by asphyxiation from inhaling gas, but not asphyxiation from not inhaling gas; or does it suggest that policy excludes loss caused by asphyxiation or inhaling gas. Considering the fact that the root word "asphyxia" is defined as, unconsciousness caused by too little oxygen and too much carbon dioxide in the blood (Black's Law Dictionary, Fourth Edition and by Funk & Wagnall's, Standard Desk Dictionary, 1977), and the fact that carbon dioxide is a gas and that gases get into the body by breathing, inhaling, does the exclusion provided for not paying a loss caused by a condition brought on by "inhaling gas (carbon dioxide) or inhaling gas", or by "inhaling gas from inhaling gas." Is this vague, ambiguous and confusing, I think so.
We think not, unless he is referring to his own argument.
CAC's counsel has cited to us several persuasive decisions rendered by courts in other jurisdictions upholding exclusions similar to the one in this case. See Transport Life Insurance Company v. Karr, 491 S.W.2d 446 (Tex.Civ.App.1973); Cf. Welch v. Professional Insurance Corporation, 140 Ga.App. 336, 231 S.E.2d 103 (1976); see also Samuel v. Sun Life Assurance Company of Canada, 587 F.2d 203 (5th Cir.1979).
The exclusion upheld in Karr denied liability for the "taking of poison or asphyxiation from or inhaling of gas, whether voluntary or involuntary," language identical to that of the exception involved in this case. The Texas appellate court said,
The group policy language controls and it is clear. Death by poison or inhalation of gas, irrespective of whether the act be voluntary or involuntary, is excluded from coverage. Upon establishment that the insured's death resulted from carbon monoxide poisoning or inhaling carbon monoxide gas, it became immaterial whether it was voluntarily or involuntarily for, in either event, the insurance company was not liable under the group policy.
Karr, 491 S.W.2d at 447-448.[1]
We agree with the Texas court's conclusion in Karr that the exclusion, here *754 as well as there, is both controlling and clear. Exclusions, when ambiguous, will be construed in favor of the insured, but as this court has said before, "tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry." Authement v. Security Industrial Insurance Company of Donaldsonville, 401 So.2d 402, 403 (La. App. 1st Cir.1981).
Appellant next contends that a genuine issue of fact exists as to whether the decedent's accidental death arose out of her employment. Plaintiff's argument in support of this contention, which is the only argument made in her affidavit filed in opposition to CAC's motion for summary judgment, is that the decedent purchased the house in which she died because its convenient proximity to nearby babysitters would increase her efficiency as both a mother and a worker.
This argument is unavailing. Even if true, and we have no reason to doubt it, Mrs. Bland's reason for moving where she did does not turn her tragic death at home into an employment-related accident, rendering the policy exclusion inapplicable. Otherwise, as CAC's counsel points out in his brief, virtually every accident that befalls an employee could be construed as arising out of his employment, regardless of the type of accident, the location of the accident, or the connection between the accident and the employment. The only pertinent inquiry would be whether the activity engaged in at the time of the accident was prompted even partially by the employee's desire to improve his work efficiency. Neither public policy nor common sense requires us to interpret employment activity so broadly.
Plaintiff's third contention is that the decedent was not provided with a copy of the insurance policy or its equivalent as required by LSA-R.S. 22:215 A(1)(a).
LSA-R.S. 22:215 A(1)(a) provides in part that an insurer issuing a group health and accident insurance policy "shall issue to the employer or association [the policyholder] for delivery to each employee or member insured under such group policy, an individual certificate containing a statement as to the insurance protection to which he is entitled and to whom payable." The purpose of this requirement is plain to insure that every insured employee or member is made aware of the available benefits and applicable limitations of the group insurance plan without requiring the insurance company or the policyholder to provide each and every employee or member with a copy of the policy.
Kolmaister v. Connecticut General Life Insurance Company, 370 So.2d 630 (La. App. 4th Cir.1979) and Davey v. Louisiana Health Services and Indemnity Company, 357 So.2d 1170 (La.App. 4th Cir.1978) both hold that the "State Employees Group Benefits Program" booklet, prepared and distributed by the Board of Trustees to the various State employing departments and agencies for delivery to insured employees and members, is equivalent to certificates of insurance under LSA-R.S. 22:215 A(1)(a). Daigle v. Travelers Insurance Company, 421 So.2d 302 (La.App. 1st Cir. 1982), places the burden of proving nondelivery on the insured.
In the instant case, the affidavits and documents filed in connection with CAC's and the Board's motions for summary judgment clearly establish that the Board delivered these booklets to Earl K. Long Memorial Hospital, decedent's employer, in October of 1981 for distribution to that hospital's insured employees. Copies of this booklet and the insurance policy in effect in November of 1981, which were also filed in connection with the two motions for summary judgment, both contain the policy exclusion quoted above. Thus, CAC and the Board have made a prima *755 facie showing of compliance with the statute.
The only evidence of nondelivery of this booklet, on the other hand, is the allegation of nondelivery in plaintiff's petition. Since CAC and the Board have established through appropriate documentation sufficient proof that the booklet was made available to the decedent, plaintiff's mere allegation in her petition that decedent never received the booklet is insufficient to generate a genuine factual issue of nondelivery. See LSA-C.C.P. art. 967.
Plaintiff's final contention that the Board held itself out as the insurer is totally unsupported by any evidence in the record. As policyholder, the Board is not liable for the payment of any proceeds under the group plan in any event. See Wheelahan v. State of Louisiana through the Louisiana State Claims Review Board, 376 So.2d 576 (La.App. 4th Cir. 1979); LSA-R.S. 22:215 A(1)(a). The trial judge was correct in granting the Board's motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The court in the Welch case held that the exclusion for any loss resulting from the "taking of poison or asphyxiation from or voluntary inhaling of gas, or fumes" excluded only the voluntary inhalation of gas and distinguished it from the "usual exclusion, exemplified by [the Karr decision]." 231 S.E.2d at 104.

The exclusion in the Samuel case excluded coverage for death resulting from "any gas, poison, drug or medicine taken, administered, inhaled or absorbed, voluntarily or otherwise...." The Fifth Circuit rejected the plaintiff's argument that the word "otherwise" rendered the exclusion ambiguous.