WATKINS, Judge.
This is a suit for damages by plaintiff, Bill Van Matre, against defendant, Teche Federal Savings and Loan Association (Teche). Teche filed a third party demand therein against its liability insurers, Commercial Union Insurance Company (Commercial) and United States Fidelity & Guaranty Company (USF & G).[1] Commercial filed a motion for summary judgment, which was granted by the trial court, dismissing Teche’s third party demand against Commercial. Teche appeals this judgment devolutively.
FACTS
Plaintiff alleges in his petition that, on or about June 29, 1984, he was injured due to a defective condition which existed “on the premises owned and controlled by the Teche Federal Savings and Loan Association located at 225 Henry Street, in Patterson, Louisiana.”
Teche contends in its third party demand that Commercial had issued a policy to Teche, which was in full force and effect at all times herein, and which provided coverage for the type of damages sought to be recovered by Van Matre.
While the record[2] indicates that Commercial issued several policies to Teche, Teche contends that the only policy applicable to this suit is No. FEW693322, a multi-peril policy.
The following facts are not disputed. Teche acquired the premises at 225 Henry Street by an act of Dation En Paiement from one of its debtors on December 9, 1983. Van Matre and Teche executed a purchase agreement for the Henry Street premises on February 20, 1984; however, the sale was not executed until October 11, 1984, which was after the alleged accident occurred. In addition, Teche never reported to Commercial any intentions to insure the Henry Street property under the multi-peril policy.
The multi-peril policy at issue herein listed only the Teche office located at 1001 Seventh Street, Morgan City, Louisiana, as its “designated premises.” This policy provides, in pertinent part, as follows:
BODILY INJURY LIABILITY PROPERTY DAMAGE LIABILITY
I. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
bodily injury or *519 property damage
to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises....
[[Image here]]
Exclusions
This insurance does not apply:
[[Image here]]
(g) to bodily injury or property damage arising out of operations on or from premises (other than insured premises) owned by, rented to or controlled by the named insured, or to liability assumed by the insured under any contract or agreement relating to such premises; ...
This policy also provides as follows: When used in reference to this insurance (including endorsements forming a part of the policy):
“insured premises” means (1) the premises designated in the declarations, (2) premises alienated by the named insured (other than premises constructed for sale by the named insured), if possession has been relinquished to others, and (3) premises as to which the named insured acquires ownership or control and reports his intention to insure such premises under this policy and no other within 30 days after such acquisition; and includes the ways immediately adjoining such premises on land.
INTERPRETATION OF POLICY
(Teche’s Assignments of Error Nos. 1 & 2)
Teche argues in brief that its acquisition of the Henry Street property, along with the inherent responsibility for its maintenance, constituted “operations necessary or incidental to the business of the named insured conducted at or from the insured premises.”
On this point we agree. The instant language in the “insuring agreement” clause is broad enough to include any “operations” resulting from Teche’s business activities at its office, regardless of the location of the “operations.” However, Teche does not address in brief the effect of the subsequent exclusion.
Insurance policy exclusions “place significant limitations on the broad language of the insuring agreement.” See W. McKenzie and H. Johnson, Insurance Law and Practice, 15 Louisiana Civil Law Treatise § 188 at 337-338 (1986); see also Poynter v. Fidelity & Casualty Company of New York, 140 So.2d 42 (La.App. 3d Cir.1962). Any exclusion from coverage in an insurance policy must be clear and unmistakable; if more than one interpretation of an exclusion is reasonable, the one affording coverage to the insured will be adopted. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984). However, tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry. Authement v. Security Industrial Insurance Company of Donaldsonville, 401 So.2d 402 (La.App. 1st Cir.1981).
Teche argues that to interpret exclusion (g) as prohibiting coverage on the Henry Street property “would convert the policy from a ‘premises-operations’ coverage to merely premises coverage, and would defy the precise wording of the agreement.” We disagree with this statement. When the exclusion clause is construed with the clause defining “insured premises,” it is clear that the operations coverage is only restricted as to “premises (other than insured premises) owned by, rented to or controlled by” Teche. The “operations” coverage would still extend to operations on or from premises, other than the insured premises, which Teche does not own, rent or control. In addition, Teche merely had to report its intention to insure the Henry Street property within 30 days after its acquisition in order to obtain coverage, pursuant to the section defining “insured premises.” We find no ambiguity in these provisions.
Teche also contends that the Henry Street property is an insured premises *520 since it was “alienated by the named insured” pursuant to the section defining “insured premises.”
Even if we were to agree with Teche’s contention,[3] the facts reflect that the property was not sold (alienated) until after the accident occurred. Accordingly, even under Teche’s strained interpretation, the Henry Street property was not an insured premises at the time of the occurrence; therefore, the exclusion prohibits coverage.
These assignments of error are without merit.
FACTUAL ISSUES
(Teche’s Assignment of Error 3)
Teche contends that summary judgment was not proper as to Commercial since there was a factual question of whether or not notice was received by Commercial Union’s agent that Teche wished to insure the Henry Street property. LSA-C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” The burden is on the mover to show clearly that there is no genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983).
We have thoroughly reviewed the affidavits, documents, and the deposition on file and find no evidence of a genuine issue of material fact regarding Commercial. Foss Little, Teche’s chairman and president, testified by deposition that he requested, through the Stiel Agency, insurance coverage on the Henry Street property under a USF & G policy. He also testified he had no knowledge of any requests for coverage made to Commercial Union. There is also no evidence suggesting that the Stiel Agency was an agent of Commercial. The record does contain the uncontested statement in the affidavit of Glenn Grigsby, Commercial Union’s manager, which reads as follows:
The Teche Federal Savings & Loan Association, Inc. has never sent written notice to Commercial Union Insurance Company to add the premises at 225 Henry Street, Patterson, Louisiana, as an additional insured premises under either of the policies of insurance referred to above, nor has the Teche Federal Savings & Loan Association, Inc. ever requested that Commercial Union Insurance Company provide insurance coverage to that premises.
If the moving party has established both that there is no genuine issue as to material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to come forward with specific facts showing that there is a genuine issue for trial. An adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by sufficient evidence. Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983).
The trial court was correct in granting Commercial’s motion for summary judgment. This assignment of error is without merit.
*521 DEGREE
For the foregoing reasons, the judgment of the trial court is affirmed. Teche is assessed with the cost of this appeal.
AFFIRMED.

. USF & G also filed a motion for summary judgment, which was denied by the trial court.

. In addition to the pleadings, Teche introduced several exhibits at the hearing on the motion for summary judgment, including one deposition.

. Although not necessary to this opinion, we agree with Commercial’s argument that "alienated properties can only be insured properties if they were insured by the company prior to the alienation.”