**Norman T. WALTERS, Plaintiff,**

v.

**TIME INSURANCE COMPANY, Defendant.**

**Civ. A. No. 89–1–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

May 22, 1990.

**494**

ability insurance policy issued to the plaintiff on April 13, 1978, by defendant Time Insurance Company.

As amended by a rider attached to the policy, the provision in dispute provides: **RELATION OF EARNINGS TO INSURANCE:** If the total monthly amount of loss of time benefits promised for the same loss under all valid loss of time coverage upon the Insured, whether payable on a weekly or monthly basis, shall exceed the monthly earnings of the Insured at the time disability commenced or his average monthly earnings for the period of two years immediately preceding a disability for which claim is made, whichever is the greater, the Company will be liable only for such proportionate amount of such benefits under this policy as the amount of such monthly earnings or such average monthly earnings of the Insured bears to the total amount of monthly benefits for the same loss under all such coverage upon the Insured at the time of such disability commences and for the return of such part of the premiums paid during such two years as shall exceed the pro rate amount of the premiums for the benefits actually paid hereunder; but this shall not operate to reduce the total monthly amount of benefits payable under all such coverage .upon the Insured below the sum of two hundred dollars or the sum of monthly benefits specified in such coverages, whichever is the lesser, nor shall it operate to reduce benefits other than those payable for loss of time. "Valid loss of time coverage" as used herein shall include all loss of time coverage provided by governmental agencies.

(D–2, pp. 7 and 9). The amended by rider portion is underlined.

On February 13, 1986, the plaintiff insured sent the defendant a notice of claim form (D–2, p. 10) stating that he had become disabled. Plaintiff listed his last day of work as February 10, 1986, stating that he did not plan to return to work. Preliminarily satisfied with plaintiff's claim and medical information, defendant insurance company began paying the plaintiff

H.B. Edwards, Jr., Edwards & Edwards, O. Wayne Ellerbee, Valdosta, Ga., for plaintiff.

Young, Young & Clyatt, Samuel F. Greneker, F. Thomas Young, Valdosta, Ga., for defendant.

**ORDER**

OWENS, Chief Judge.

This is a dispute over the meaning of one provision of an accident and sickness dis-

$1,500.00 per month on April 13, 1986, but simultaneously began requesting information from plaintiff regarding the amount of his earnings preceding the onset of disability and any disability payments awarded by social security.

By award dated September 28, 1986, plaintiff was granted social security disability benefits of $563.60 per month (D–2, p. 33) for total disability beginning November 1, 1985 (D–2, p. 27). Upon learning of this award, defendant Time Insurance Company decreased the plaintiff's monthly benefit payment by $563.60—from $1,500.00 to $936.40—(D–2, p. 19), contending that the amended portion of the Relation of Insurance to Earnings provision, to wit: " 'Valid loss of time coverage' as used herein shall include all loss of time coverage provided by governmental agencies," decreases the insured's monthly benefit by whatever the insured receives from social security disability insurance payments. Defendant argues that social security disability insurance is "loss of time coverage provided by [a] governmental agenc[y]." The plaintiff insured disagrees.

The defendant insurer and the plaintiff by telephone and letter discussed the question of how much the plaintiff insured's normal monthly earned income was in the two years preceding disability. Plaintiff had owned and operated a subchapter-S corporation, paying himself and in whatever form—salary or dividend—his accountant said was most advantageous from a tax standpoint. Unlike those who work for others, plaintiff did not receive the usual weekly or monthly salary. Satisfied that plaintiff earned at least $900.00 per month, defendant, under the Relation of Earnings to Insurance clause, decreased plaintiff's benefits from $1,500.00 per month to $900.00 per month. In so doing, defendant company wrote plaintiff's attorney on March 13, 1987:

> Please be advised that we have fully reviewed the policy and claim submitted by Norman Thomas Walters. At this point in time we are maintaining our position that the benefit should be $900 per month and not the original $1,500 per month. Our position is based on the reviewing of records in our files that the Insured himself submitted. On a Claim Form dated and signed by the Insured dated February 13, 1986, he indicated that his last day of work was February 10, 1986. At this point in time we are basing the Insured's income on the average monthly income in the two years prior to his disability or $900 per month. On the Claim Form the Insured provided dated February 13, 1986, he did indicate that his average monthly income was $900 per month. We originally started our claim with the February 11, 1986, date of disability. At no point in time have we ever been notified that this is not the correct beginning date of total disability. We have reviewed statements submitted by Doctor Barker and Doctor Tindall which supports using the above dates for total disability.
>
> If you would like us to commence this claim prior to the February, 1986, date, we will need medical records from any provider treating the Insured to verify that the total disability should have commenced in October of 1985. We would also like a written statement from the Insured, sent through the United States mail which indicates why on a Claim Form dated February 13, 1986, he said his last date of work was February 10, 1986.
>
> If you have any questions regarding the above matter, please feel free to contact this office. Until additional information is received regarding the above matter, we will continue to provide $900 per month Disability benefits for Mr. Walters based on the Relations to Earning of Insurance provision of his policy.

(D–2, p. 55).

Plaintiff, through his lawyer, vigorously disagreed with the insurer's position, contending that the plaintiff was entitled to a monthly benefit of $1,500.00 instead of the $900.00 being paid by defendant under its interpretation and application of the Relation of Insurance to earnings provision to the insured's circumstances. Unable to convince the defendant insurance company

to increase his monthly benefits, the plaintiff filed this complaint.

Responsive pleadings were filed, a pretrial was conducted, and a non-jury hearing was held. Briefs having been submitted and considered by the court, the case is ready for decision.

The court's task is to interpret and apply the policy provision entitled Relation of Earnings to Insurance.

Defendant urges the court to interpret the provision to mean as follows:

If the insured is promised from this policy or any other valid loss of time coverage, an amount which is greater than what the insured was making at the time of disability or greater than what he was making on average per month for the two years immediately before his disability, then the insurance coverage provided for by this policy is prorated.

The plaintiff, on the other hand, urges the court to interpret this provision so that it applies only when the insured is receiving benefits under more than one disability insurance policy. If so interpreted, the insured's monthly earnings in the two years preceding disability would not have any bearing upon the calculation of the monthly benefit to be paid.

Assuming the court agrees with the plaintiff and interprets the provision to apply only when the plaintiff insured is receiving benefits under more than one disability insurance policy, defendant insurance company urges the court to find that social security disability payments are benefits being received from a second disability insurance policy provided by the United States government and should be utilized to reduce defendant's monthly obligation to the plaintiff. Defendant contends social security disability insurance is loss of time coverage provided by a governmental agency.

### Defendant's First Contention

■ In considering defendant's first contention that the Relation of Earnings to Insurance clause should be utilized to comparatively compute monthly benefits using earnings, and arriving at a conclusion as to the meaning of that provision, this court is required by Georgia law to construe the insurance policy as a whole. *Cotton States Mutual Insurance Co. v. Hutto*, 115 Ga. App. 164, 154 S.E.2d 375 (1967). The test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga.App. 671, 675, 222 S.E.2d 828 (1975). "Where a provision in a policy is susceptible to two or more constructions, the court will adopt that construction which is most favorable to the insured." *Prudential Ins. Co. of Am. v. South*, 179 Ga. 653, 656, 177 S.E. 499 (1934). See also, *Welch v. Professional Ins. Corp.*, 140 Ga.App. 336, 231 S.E.2d 103 (1976).

■ Construing the policy (D–2, pp. 4–9) as a whole, the court notes that the policy benefit and premium schedule (D–2, p. 5) states:

BENEFIT AND PREMIUM SCHEDULE

| FORM | BENEFIT DESCRIPTION | | PREMIUM |
|------|---------------------|---|---------|
| 304 | DISABILITY POLICY | | $77.40 |
| MONTHLY INDEMNITY | ELIMINATION PERIOD | BENEFITS BEGIN ON | MAXIMUM PERIOD |
| ACCIDENT–$1500 | 30 CONSECUTIVE DAYS | 31ST DAY | FOR LIFE |
| SICKNESS–$1500 | 30 CONSECUTIVE DAYS | 31ST DAY | TO AGE 65 |

MAXIMUM PERIOD FOR DISABILITY COMMENCING AFTER AGE 64 SHALL BE 1 YEAR
YOUR OCCUPATION—24 MONTHS

TOTAL PREMIUM FOR 1 MONTH      $77.40

The court further notes that the provision in dispute is entitled Relation of Earnings to Insurance rather than or instead of being entitled Relation of Earnings to Monthly Indemnity or Relation of Earnings to Monthly Benefit. A reasonable person in the position of the insured upon reading this provision for the purpose of ascertaining his monthly indemnity or monthly benefit would thus first note that it's title makes no reference to monthly indemnity or monthly benefit.

A reasonable person in the position of the insured upon reading beyond the title of the provision would note the words "the Company will be liable only for such proportionate amount of such benefits under this policy as the amount of such monthly earnings ... of the Insured bears to the total amount of monthly benefits for the same loss under all such coverage upon the Insured at the time of such disability commences." After reading the above language a reasonable person would conclude (1) that the words "proportionate amount" contemplate a comparative relationship between two or more things and (2) that the things to be compared are (a) monthly benefits under this policy and (b) monthly benefits under all such coverage or policies. Since the word "all" is an adjective describing the whole, a reasonable person would discern that all such coverage refers to multiple policies. Thus, a reasonable person would conclude that this provision says that in the event the insured has and is entitled to benefits under more than one disability insurance policy, Time Insurance Company under the subject policy will be required to pay only such proportionate amount of the $1,500.00 monthly policy benefits as the amount of the insured's monthly earnings bears to the total amount of monthly benefits payable under all of the insured's disability policies. Thus, if an insured had two disability policies, each of which pays $1,500.00 per month disability benefits, and if his defined monthly earnings were $2,000.00, the $2,000.00 monthly earnings would be compared to the $3,000.00 total monthly benefits under both policies. Each policy would then be required to pay ⅔ of $1,500.00, or $1,000.00. An insured would then collect a total of $2,000.00 instead of $3,000.00.

Thus, the court concludes that the disputed clause entitled Relation of Earnings to Insurance is intended to be utilized to compute monthly benefits only when the insured is receiving benefits under more than one disability insurance policy.

The court's interpretation of the provision is supported by the Georgia Insurance Code. O.C.G.A. §§ 33–29–1 through 33–29–3 specify the provisions that must be included in an individual accident and sickness disability insurance policy. O.C.G.A. § 33–29–4 sets forth optional policy provisions which may be inserted in such a policy provided "such provisions are in the words in which the same appear in subsection (b)...."

Subsection (b) contains the following optional provisions:

(1) Change of Occupation

(2) Misstatement of Age

(3) Other Insurance With This Insurer

(4) Relation of Earnings to Insurance

(5) Unpaid Premium

(6) Return of Premium on Cancellation

(7) Conformity With State Statutes

(8) Illegal Occupation

(9) Intoxicants and Narcotics

(10) Cancellation of Travel Policies

Reading optional provisions (3) [1] and (4) [2] it is obvious that optional provision (3) was

---

**1.** (3) Other Insurance With This Insurer.

(A) If an accident or sickness or accident and sickness policy or policies previously issued by the insurer to the insured is in force concurrently herewith, making the aggregate indemnity for _____ (insert type of coverage or coverages) in excess of $_____ (insert maximum limit of indemnity or indemnities), the excess insurance shall be void and all premiums paid for the

excess shall be returned to the insured or to his estate;
or in lieu thereof:

(B) Insurance effective at any one time on the insured under a like or policies with this insurer is limited to the one such policy elected by the insured, his beneficiary, or his estate, as the

inserted by the Georgia legislature to give an insurer the opportunity to define its maximum obligation to an insured who is covered by more than one policy issued by the same insurer and that optional provision (4) was inserted to give an insurer the opportunity to define its obligation to an insured who is covered by more than one policy issued by different insurers. That this clause is intended to apply only to an insured having and entitled to benefits under more than one disability insurance policy, is thus consistent with the legislative scheme from which this clause emerged.

## DEFENDANT'S SECOND CONTENTION

■ Defendant argues that even if the Relation of Earnings to Insurance clause applies only to an insured entitled to benefits under more than one disability insurance policy, it applies to plaintiff who is receiving monthly disability benefits of $563.60 under the Federal Old–Age, Survivors and Disability Insurance Benefits laws of the United States. Defendant contends that social security benefits constitute valid loss of time coverage as defined in the instant policy. The plaintiff, of course, contends to the contrary, arguing that even

case may be, and the insurer will return all premiums paid for all other policies.

2. (4) Relation of Earnings to Insurance.

(A) If the total monthly amount of loss of time benefits promised for the same loss under all valid loss of time coverage upon the insured, whether payable on a weekly or monthly basis, shall exceed the monthly earnings of the insured at the time disability commenced or his average monthly earnings for the period of two years immediately preceding a disability for which claim is made, whichever is the greater, the insurer will be liable only for such proportionate amount of such benefits under this policy as the amount of the monthly earnings or the average monthly earnings of the insured bears to the total amount of monthly benefits for the same loss under all such coverage upon the insured at the time such disability commences and for the return of that part of the premiums paid during such two years which exceeds the pro rata amount of the premiums for the benefits actually paid hereunder; but his shall not operate to reduce that total monthly amount of benefits payable under all the coverage upon the insured below the sum of $200.00 or the sum of the monthly benefits specified in the

if social security disability benefits are encompassed by the policy language, Georgia law requires that the definition of valid loss of time coverage be approved as to form by the Insurance Commissioner and defendant insurer has not shown approval by the Commissioner. Therefore, the definition of "valid loss of time coverage" is invalid and not applicable to this insured and his policy. The Commissioner's approval, of course, is relevant only if the definition is found to encompass social security disability payments.

As an initial matter, the court does not question the fact that if the policy so provided defendant could use plaintiff's social security benefits to offset the benefits provided in its insurance policy. However, the policy does not so provide. Again, the construction of the Relation of Earnings to Insurance provision will determine the resolution of this issue.

O.C.G.A. § 33–29–4(b)(4)(B) provides in relevant part:

... The insurer may, at its option include in this provision a definition of "valid loss of time coverage" approved as to form by the commissioner, which definition shall be limited in subject matter to

coverages, whichever is the lesser, nor shall it operate to reduce benefits other than those payable for loss of time.

(B) The policy provision of subparagraph (A) of this paragraph may be inserted only in a policy which the insured has the right to continue in force subject to its terms by the timely payment of premiums until at least age 60 or, in the case of a policy issued after age 54, for at least five years from its date of issue. The insurer may at its option, include in this provision a definition of "valid loss of time coverage," approved as to form by the Commissioner, which definition shall be limited in subject matter to coverage provided by governmental agencies or by organizations subject to regulation by insurance law or by insurance authorities of this or any other state of the United States or any province of Canada, or to any other coverage the inclusion of which may be approved by the Commissioner or any combination of such coverages. In the absence of that definition the term shall not include any coverage provided for the insured pursuant to any compulsory benefit statute, including any workers' compensation of employer's liability statute, or benefits provided by union welfare plans or by employer or employee benefit organizations.

coverage provided by governmental agencies or by organizations subject to regulation by insurance law or by insurance authorities of this or any other state....

The policy rider issued by defendant merely states, " 'Valid loss of time coverage' as used herein shall include all loss of time coverage provided by governmental agencies." While defendant argues that the above statement constitutes a definition of "valid loss of time coverage," it is obvious to the court and to any reasonable person that defendant's definition merely restates the question. This defendant could have defined "valid loss of time coverage" to include such Federal Disability Insurance Benefits as the insured may become entitled to under the Federal Old–Age, Survivors and Disability Insurance Benefits laws of the United States. Defendant, however, failed to do so. In the court's best judgment, § 33–29–4(b)(4)(B) contemplates a definition which would clearly place the insured on notice that certain governmental benefits constitute "valid loss of time coverage" and that receipt of those benefits would reduce the amount of benefits paid under this policy. Defendant's language fails to provide that notice. No reasonable person reading this policy would understand social security benefits to constitute "valid loss of time coverage." This language is clearly ambiguous; consequently, ambiguity must be resolved against the defendant insurance company and in favor of the insured.

The court further notes that O.C.G.A. § 33–29–4(b)(4)(B) not only provides that "[t]he insurer may, at its option, include in this provision a definition of 'valid loss of time coverage,' approved as to form by the Commissioner ...," but also provides in the next sentence that "[i]n the absence of that definition the term shall not include any coverage provided for the insured pursuant to any compulsory benefit statute, including any workers' compensation or employer's liability statute, or benefits provided by union welfare plans or by employer or employee benefit organizations." Since the court concludes that defendant did not include a definition of valid loss of time cov-

erage in the instant policy, the Georgia legislature has specified that "the term [valid loss of time coverage] shall not include any compulsory benefit statute." The federal social security laws, 42 U.S.C. § 401, *et seq.*, make participation in the federal social security program mandatory. In this court's considered judgment, the federal social security laws are thus encompassed by the term "compulsory benefit statute." The insured is thus receiving disability benefits under a compulsory benefit statute. There being no definition of "valid loss of time coverage" in the policy, the insured's social security disability benefits as a matter of Georgia law cannot be benefits derived from "valid loss of time coverage."

The Relation of Earnings to Insurance clause as interpreted by this court does not apply to the calculation of plaintiff Norman T. Walters' monthly benefits because he is not entitled to disability benefits under more than one policy of disability insurance. The plaintiff is therefore entitled to a monthly disability benefit of $1,500.00 as long as he continues to be disabled.

The parties are invited to present a proposed form of judgment to include all damages awardable to the plaintiff as a result of this order.

SO ORDERED.