*627
 
 MOISE, Justice.
 

 Defendants are appealing from a judgment in the sum of $2375, the balance due on a promissory note, with interest and attorney’s fees, in favor of the plaintiff, with recognition of her special mortgage and vendor’s lien on the property described in the notarial -act of sale and chattel mortgage dated October 17, 1946.
 

 Petitioner alleges that -she -sold to defendants, by authentic act of sale -and chattel mortgage, the business known as. A-l Delivery Service for the price of $4,000, on terms of $1500 cash an-d the balance represented by a promissory note in the sum of $2500, bearing
 
 6%
 
 interest per annum,' payable in monthly installments of $208.33, beginning on December 10, 1946. There is included in the sale a 1940 International Truck, Model D, Motor No. 96288. The defendants made a payment of $125 -on the first installment and thereafter refused to make further -payments to plaintiff. After amicable demand, plaintiff -instituted this suit.
 

 The defendants answered, resisting the -demand on grounds of fraud and misrepresentation, which misrepresentations they aver induced them to purchase the business.
 

 On the trial on the merits, the district court found that the defendants had not established -their defense with reasonable certainty and rendered judgment against them.
 

 The question now before us for decision, is one -of fact.
 

 After a careful analysis of the-record and more particularly the avermentsrelating to fraud and misrepresentation found in the answer, we feel satisfied that it would serve no useful purpose to set -out in detail all of the testimony in -this’voluminous record but will -concentrate our discussion on matters of substance. We-find that defendants -have not established proof o-f their averments as to fraud an-d' misrepresentation and that their testimony i-s -conflicting. The certainty -of proof of -their -charges has been voided by their -own. statements and -other averments have been •rendered ineffectual by a preponderance of evidence submitted by the plaintiff.
 

 The defendants charge that they were -led to believe that the business sold to them had about 50 customers but th-at there were -only 30. Defendant Farrell’s -testimony, however, fixes the number of customers at 58. Defendants -clai-m that they were told th-at the truck used -in the business was a 1 % ton truck, yet the chattel mortgage which they signed was for a % ton truck; -and they declare that on the night when the final -agreement was made the truck was in the -garage with only the -rear end -showing. The evidence, and particularly the testimony of three witnesses for the-plaintiff, is -to the effect that the truck was in the driveway and that -one of the witnesses drove the defendant Farrell
 
 *629
 
 around the block in the truck on that ■night. The defendants claim that they made the reduced installment payment of $125 because plaintiff had agreed to a reduction of $1,000 in the sale price of the 'business. The plaintiff’s, testimony is that she agreed to make this deduction provided defendants paid to her the amount due on the note in cash. The defendants claim that they were told that the business was supposed to he yielding from $500 to $700 per month. The plaintiff and her witnesses •testified that she stated to them that the 'business was “grossing close to $500.00” -a ■month. The defendants charge that the plaintiff never gave them a list of customers. The plaintiff states, and she is un-contradicted, that she actually sent them to customers as they telephoned and that her driver rode around the route on the first day after they purchased the business and that he and the defendant Usner contacted all of the customers. Defendant Usner admitted that the plaintiff - gave them the names and addresses of the customers as they telephoned her and requested service.
 

 Defendant-Farrell testified that the truck sold to them was nothing but a wreck, the fenders were off and just about everything was wrong with it. The fact is developed by the evidence that on the night of the negotiations, plaintiff agreed to 'buy (and did later buy) two new fenders for the truck. Defendant Usner testified that plaintiff did not agree -to make any other repairs on the truck. He stated that when he received it on the morning of the sale, he did not mention anything to Farrell about it being a ton and a half, or two ton, or a half ton truck, and that it was the same truck that the plaintiff showed them the night before.
 

 Article 1848 of the Revised Civil Code provides in part that “Fraud, like every other allegation, must be proved by him who alleges it, * * *. The maxim that
 
 fraud
 
 is not to be presumed, means no more than that it
 
 is not to be imputed without legal
 
 evidence." (Italics mine.)
 

 It is not within the province of any court to relieve a litigant of a bad bargain. Its only province is to render judgment in conformity with the law and evidence.
 

 Our study of the facts of this case, convinces us that the trial judge’s findings are correct and we will, therefore, affirm his judgment.
 

 For the above reasons, the judgment of ■the district court is affirmed at defendants’ costs.
 

 O’NIELL, C. J., takes no part.