424 So.2d 375 (1982)
John SMITH, Plaintiff-Appellant,
v.
WESTERN PREFERRED CASUALTY COMPANY, Defendant-Appellee.
No. 15078-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
Writ Denied January 28, 1983.
Travis M. Holley, Bastrop, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendant-appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
The plaintiff brought suit for recovery under the collision coverage of an automobile *376 insurance policy issued by the defendant insurance company to plaintiff for damages to his automobile sustained while the automobile was being driven by his son, Felix Ray Smith. Finding that an endorsement to the policy excluded coverage for any claims arising from accidents occurring while the automobile is being operated by the son, the trial court denied recovery. Plaintiff appealed and we affirm.
Attached to the comprehensive automobile insurance policy which provides collision, liability, and uninsured motorist coverage is an endorsement, signed by plaintiff, entitled "Exclusion of Named Driver" which provides:
"It is agreed that the insurance afforded by this policy shall not apply with respect to any claims arising from accidents which occur while any automobile is being operated by Felix Ray & Cynthia Smith."
On appeal plaintiff contends that the endorsement is vague and ambiguous and should be construed against the insurer, that the exclusion is against public policy and void, and that the exclusion does not preclude collision coverage where the excluded driver drove the car without the named insured's permission, as was the case here.
The evidence establishes that at the time plaintiff applied for the insurance he was advised by the insurance agent that the premium would be $1,593.88 without the exclusion and $720.58 with the exclusion. Plaintiff selected the lower premium for a policy with the exclusion and signed the exclusionary endorsement form on which the names of the insured's children had been filled in. The policy issued contains the exclusionary endorsement. The automobile was damaged in an accident which occurred while it was being driven by Felix Ray Smith, who took the car without his father's permission.
An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties. Stacy v. Petty, 362 So.2d 810 (La. App. 3d Cir.1978). An insurer may limit its liability just as individuals may. Lopez v. Blue Cross of Louisiana, 386 So.2d 697 (La. App. 3d Cir.1980). A clear and unambiguous provision in an insurance contract which limits liability must be given effect. Superior Steel, Inc. v. Bituminous Casualty Corporation, 415 So.2d 354 (La.App. 1st Cir. 1982).
An endorsement becomes part of the contract of insurance if attached to the insurance policy and the endorsement and the policy are parts of the same contract and must be construed together. LeDoux v. Old Republic Life Insurance Company, 233 So.2d 731 (La.App. 3d Cir.1970), writ refused 256 La. 372, 236 So.2d 501. Riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy and in the event of any conflict between the endorsement and the policy the endorsement prevails. Maggio v. Manchester Insurance Co., 292 So.2d 255 (La.App. 4th Cir.1974). Exclusions of named drivers by rider or endorsement are permitted and are not against public policy. Hurst v. Hardware Mutual Casualty Company, 234 So.2d 802 (La.App. 1st Cir.1970), writ refused 256 La. 618, 237 So.2d 398. See Appleman, Insurance Law and Practice (Buckley Edition) § 4408.35.
The named driver exclusion is not vague and ambiguous but is clear, specific, and unambiguous. It specifically provides that the insurance afforded by the policy, which would include the collision coverage, shall not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Felix Ray Smith. The exclusion is not limited in applicability to liability coverage as contended by plaintiff. The exclusion is not conditioned on whether or not the excluded named drivers were operating the automobile with the permission or consent of the named insured. There is no public policy reason why the exclusionary provision contracted between the parties should not be given full effect in accordance with its express terms.
*377 The judgment of the district court is affirmed at appellant's costs.
Affirmed.