431 So.2d 911 (1983)
Newt MESSINA, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 15369-CA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL, and MARVIN, JJ.
HALL, Judge.
This is an action to recover $8,000 allegedly due under the terms of a hospitalization insurance contract. The plaintiff is Newt Messina. Defendant is Metropolitan Life Insurance Company. Plaintiff appeals a judgment of the district court rejecting his demands and dismissing his suit. For the reasons stated hereafter, we affirm.
The facts of this case are undisputed. Plaintiff purchased a comprehensive medical expense policy in January 1970, and paid the monthly premium of $30.57 until 1978, when he became seriously ill and required *912 open heart surgery which entailed a long hospital stay and expenses in excess of $30,000. Plaintiff submitted a claim to Metropolitan Life, and defendant sent plaintiff a check for $10,000, stating this to be its total obligation under the policy.
Plaintiff thereafter requested payment of an additional $8,000 under the maximum benefit provision of the policy, which provides as follows:
"The maximum amount that will be paid on account of all covered medical expenses incurred by a covered family member in any policy year is $10,000, or the cumulative maximum benefit, as set forth in the following paragraph, if less.
"The cumulative maximum benefit with respect to all covered medical expenses incurred by the covered family member in any policy year is the excess of (a) over (b) as follows:
"(a) $10,000 increased by $1,000 for each policy year completed during the time such person has been a covered family member;
(b) the aggregate benefits, if any, paid for covered medical expenses incurred by such person in all prior policy years."
Defendant reiterated its claim that it had no obligation to plaintiff beyond the $10,000 already paid to the latter, and this suit resulted. The case was submitted on a stipulation of the foregoing facts, and the judgment complained of was rendered. The trial court, in written reasons accompanying the judgment, rejected plaintiff's claim that the $10,000 maximum amount should be increased by $8,000 ($1,000 for each of the eight years plaintiff was covered) in accordance with plaintiff's interpretation of the maximum benefit provision of the policy. Citing the plain language of the provision, the trial court held that the insurance company was required to pay plaintiff in accordance with its terms: (1) $10,000; or (2) the cumulative maximum benefit, if less than $10,000; and (3) that the cumulative maximum benefit was the excess of: (a) $10,000 plus $1,000 for each policy year over (b) all benefits paid during the period in which the insured has been covered. The trial court further held that this policy provision is clear and that there is no public policy prohibiting the limitation of coverage in this manner.
On appeal the appellant argues that the clause in question should be construed in his favor because it is ambiguous. Appellant also claims that the defendant's refusal to pay the amount disputed under the policy is arbitrary and capricious; therefore, he is entitled to penalties, interest, and attorney fees in accordance with the provisions of LSA-R.S. 22:657.
The appellee argues, on the other hand, that the provision in question is crystal clear, that there is nothing in applicable law and jurisprudence prohibiting parties from contracting such provision, and that its terms clearly control in the instant case. Metropolitan Life also claims that its refusal to pay the disputed $8,000 is not unreasonable, and therefore it should not be taxed with penalties, interest, and attorney fees.
An insurance policy is a contract between the insured and insurer and as such has the effect of law between the parties. Stacy v. Petty, 362 So.2d 810 (La. App. 3d Cir.1978). An insurer may limit its liability just as individuals may. Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App. 2d Cir.1982). A clear and unambiguous provision in an insurance contract which limits liability must be given effect. Smith v. Western Preferred Cas. Co., supra.
The maximum benefit provision is not vague and ambiguous as plaintiff contends but is clear, specific, and unambiguous. It specifically provides that the insurance afforded by the policy shall not exceed (a) $10,000; or (b) the excess of $10,000 plus $1,000 for each year the insured is covered over all benefits paid during the term of the coverage, if such sum is less than $10,000.
It is clear that $10,000 is the maximum benefit payable in any one year. The so-called "cumulative maximum benefit" comes into play only when the amount thereof is less than $10,000, and in that case *913 serves to limit the maximum amount payable in any one year to the amount of the "cumulative maximum benefit." If the "cumulative maximum benefit." is more than $10,000, it does not serve to increase the stated $10,000 maximum benefit. The purpose of the $1,000 annual increase in the "cumulative maximum benefit" is to allow a rebuilding toward the $10,000 maximum benefit after claims have been paid under the policy.
There is no public policy reason why the maximum benefit ceiling or limitation provision contracted between the parties should not be given full effect in accordance with its terms.
The judgment of the district court is affirmed at appellant's costs.
Affirmed.