779 F.2d 218
 James J. ALLEMAN, and Shirley Alleman, Plaintiffs,
v.
BUNGE CORPORATION, and Insurance Company of North America,
Defendants-Appellants,
v.
ABC CORPORATION, DEF Corporation Pott Industries, Inc., et
al., Defendants-Appellees.
 No. 85-3183
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 30, 1985.
 John E. Galloway, New Orleans, La., for defendants-appellants.
 Gelpi, Sullivan, Carroll & LaBorde, Norman C. Sullivan, Jr., New Orleans, La., for St. Louis Ship.
 Terriberry, Carroll, Yancey & Farrell, Robert S. Reich, New Orleans, La., for Continental Ins., et al.
 Appeal from the United States District Court for the Eastern District of Louisiana
 Before POLITZ, WILLIAMS and JOLLY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a grant of summary judgment in favor of several defendant-insurance companies. The district court held that the maritime insurance policy issued by the defendants was not ambiguous on its face and excluded coverage for injuries received by a longshoreman. We affirm.
 
 I.
 
 2
 The plaintiff, James Alleman, a longshore employee of Bunge Corporation (Bunge), was injured on May 9, 1982 when he stepped into an open hold of a barge owned by Bunge. At the time of the accident, Bunge had in effect an insurance policy issued by Continental Insurance Company and several other insurance companies (hereinafter Continental). All parties agree that coverage for Alleman's injury was provided on a printed form designated "Form SP23." Attached to Form SP 23, however, were several typewritten pages, one of which contained the following provision: "This insurance is subject to Protection and Indemnity Form SP 23 (Revised 1/56), as attached, with amendments and additions as follows: ... (6) all claims for injury, illness or death to employees of the assured are excluded from this insurance" (emphasis added). At the time of the accident, Bunge was also insured by Insurance Company of North America (INA) under a watercraft endorsement for all claims arising as a result of injuries sustained by its employees.
 
 
 3
 The plaintiffs, James and Shirley Alleman, filed suit against Bunge, INA, and Continental under 33 U.S.C. Sec. 905(b), alleging that Bunge's negligence caused Alleman's injuries. Bunge and INA answered the plaintiffs' complaint and filed a cross-claim against Continental. Continental then filed a motion for summary judgment, alleging that its policy excluded the plaintiffs' claims. The district court, finding that the unambiguous terms of the policy excluded the plaintiffs' claims, granted summary judgment for Continental. Bunge and INA appealed the district court's ruling, but this court dismissed the appeal for lack of a certificate required by Fed.R.Civ.P. 54(b). On remand the district court certified the appeal pursuant to rule 54(b) and Bunge and INA filed a timely notice of appeal.II.
 
 
 4
 Bunge and INA contend that the Continental policy is ambiguous because at one point it excludes all claims for injuries to Bunge employees, and at another point, it covers Bunge's liabilities as vessel owner except for workers' compensation claims. Bunge and INA argue that because it is not clear whether Continental excludes all claims by employees, the policy must be strictly construed, and any doubt as to the meaning of the disputed provision must be resolved against Continental. Bunge and INA additionally argue that at the very least summary judgment was improper because the ambiguous provisions create a material factual issue as to the intent of the parties.
 
 
 5
 Continental, on the other hand, argues that the policy is not ambiguous. It contends that the typewritten clause attached to Form SP 23 clearly amended the printed form to exclude coverage.
 
 III.
 
 6
 The sole question to be resolved is whether there is an ambiguity in the policy at issue. In resolving this question, we look to the applicable state law. Insurance Co. of North America v. Board of Commissioners, 733 F.2d 1161, 1166 (5th Cir.1984). Louisiana law provides that an endorsement becomes a part of the insurance contract if attached to the policy. The endorsement and policy are considered to be parts of the same contract and must be construed together. Smith v. Western Preferred Casualty Co., 424 So.2d 375, 376 (La.App.1982). Riders or endorsements affixed to an insurance policy are to be read with and harmonized with the provisions of the policy and in the event of any conflict between the endorsement and the policy, the endorsement prevails. Roberts v. P. & J. Boat Service, Inc., 357 F.Supp. 729, 734 (E.D.La.1973); Smith, 424 So.2d at 376; Maggio v. Manchester Insurance Co., 292 So.2d 255, 257 (La.App.1974). In this case, the typewritten section clearly provides that the insurance is subject to the provisions of the printed form "with amendments and additions" set forth in the typewritten pages. A provision in the typewritten pages clearly and unambiguously excludes from coverage all claims for injury, illness, or death to employees of Bunge. Thus, under Louisiana law, and the plain unambiguous language of the insurance policy, the exclusion prevails. Continental is entitled to judgment as a matter of law because it is undisputed that Alleman was a Bunge employee. The judgment of the district court is
 
 
 7
 AFFIRMED.