499 So.2d 1040 (1986)
Charles A. LACAZE and his wife, Barbara Ann Walker Lacaze, Plaintiffs-Appellants,
v.
GULF LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 85-998.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Writ Granted December 5, 1986.
*1041 Watson, Murchison, Crews, Arthur & Corkern, George L. Celles, Natchitoches, for plaintiffs-appellants.
Charles R. Whitehead, Jr., Natchitoches, for defendant-appellee.
Before FORET, STOKER and KING, JJ.
PER CURIAM.
The plaintiffs, Mr. and Mrs. Lacaze, have appealed from a judgment rejecting for lack of coverage their claim under a life insurance policy for the death of their son, Jeffrey Walker (hereinafter referred to as Jeffrey), who was killed in an automobile accident on August 30, 1984.
Actually, Jeffrey was the son of Mrs. Lacaze and the stepson of her second husband, the named insured on the policy of insurance. When the policy was issued on October 6, 1982, Jeffrey was eligible for dependent life insurance under the family coverage rider, but his name was not included in the application for the policy. The defendant denied liability for this reason and also, because, if Jeffrey had been insured, his coverage terminated in 1983 when he ceased to be dependent on the named insured. The latter position was based on subsection (2) of the following provision of the policy:
"Each child's coverage under this rider will also terminate upon the earliest of:
(1) Marriage;
(2) End of dependency upon you;
(3) The Month Anniversary Date following his/her 25th birthday."
The record reveals that Jeffrey lived with the plaintiffs and had a room at their residence in Natchitoches, Louisiana all of his life. However, in 1983 he went to work in Shreveport, Louisiana for a construction company owned by his natural father and grandfather. The latter testified that Jeffrey earned $10.00 per hour, working three or four days a week for about one-half of 1983 and also in 1984. He lived with his grandfather in Shreveport when he worked, but returned to the plaintiffs' residence on weekends and when not employed. About two months before his death, Jeffrey was discharged and returned to live with the plaintiffs. According to the grandfather, he was eligible for unemployment compensation after his discharge.
In concluding that Jeffrey was not an insured on the date of his death, the court said in part in its oral reasons for judgment which we adopt:
"But I find that for a period during '83 when he was working rather steadily earning ten dollars an hour, during that period of time he was not dependent on his parents. He had sufficient income to be self-sufficient. I find that throughout the period of time from the issuance of the policy until his death his domicile was here in Natchitoches at his parents' residence. But I think that for a while he was not legally dependent on his parents and the policy would terminate during that period of time, and was not reinstated."
*1042 The record supports the trial judge's finding that Jeffrey's earnings in 1983 and 1984 were sufficient to end his dependency upon his stepfather and we agree with the trial judge's conclusion that Jeffrey could not be covered by the insurance policy after that time as it does not provide for reinstatement once such coverage is terminated.
It is well settled in our jurisprudence that any ambiguity in an insurance policy must be construed against the insurer. However, the latter has the right to limit its coverage and if the provision doing so is clear a court cannot disregard the plain language of the contract under the pretext of interpreting an ambiguity. Morrison on behalf of Morrison v. Miller, 452 So.2d 390 (La.App. 3rd Cir.1984); Nida v. State Farm Fire & Cas. Co., 454 So.2d 328 (La.App. 3rd Cir.1984), writ den., 458 So.2d 486 (La.1984).
The termination of coverage provision in the policy being unambiguous and applicable in this case, we affirm the decision of the district court at appellants' cost.
AFFIRMED.