535 So.2d 827 (1988)
Shawn BERGQUIST and Harry Marcus, Appellants,
v.
Robert FERNANDEZ, et al., Appellees.
No. 19814-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*828 Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen by Emile Joseph, Jr., Lafayette, for appellants.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for Commercial Union Ins.
A.R. Snell, Bossier City, for Richard Goetz.
Before HALL, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
The plaintiffs, owners of horses, sued the driver of a transport truck, the transport company and its insurer for losses allegedly sustained when the horses were injured in an accident. The insurer moved for summary judgment, urging an exclusion in the policy. The trial court granted the motion and the plaintiffs appeal. For the reasons expressed, we affirm.
By their petition, styled a "Petition for Subrogation," plaintiffs alleged they owned three horses and engaged Richard Goetz, doing business as Richard Goetz Horse Transportation Company ("Goetz"), to transport the horses from Forty Oaks Farm in Haughton to New Orleans. They further alleged that Goetz's driver, Fernandez, negligently operated the van, with the result that the horse trailer overturned in a ditch, injuring the horses. Plaintiffs named Fernandez, Goetz and Goetz's liability insurer, Commercial Union ("CU"), as defendants. The plaintiffs did not allege any grounds of subrogation.
After filing an answer urging general denials, CU moved for summary judgment. Goetz's business auto policy contains the following exclusion:
This insurance does not apply to: * * *
(6) Property damage to property owned or transported by the insured or in the insured's care, custody or control.
The plaintiffs opposed the motion, urging that Goetz could not have intended to have a policy that excluded damages for its principal line of business, transporting horses, and that the policy was ambiguous in that injury to the horses might qualify as "bodily injury," which is included under the policy.
Goetz did not join in the opposition to summary judgment, but reconvened against the plaintiffs for unpaid transport services rendered.
As noted, the trial court granted the motion and dismissed CU from the lawsuit. The plaintiffs now appeal, advancing essentially the same arguments as in the trial court.

*829 Discussion

Summary judgment is a procedural vehicle designed to dispose of demands and defenses expeditiously when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Schaefer v. Lynch, 406 So.2d 185 (La.1981); Hall v. Hall, 460 So.2d 1053 (La.App. 2d Cir.1984). Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Hall v. Hall, supra, and citations therein; Saffel v. Bamburg, 478 So.2d 663 (La.App. 2d Cir.1985), writ denied 481 So.2d 1335 (La.1986). Clear and unambiguous provisions of an insurance policy are entitled to enforcement. Messina v. Metropolitan Life Ins. Co., 431 So.2d 911 (La.App. 2d Cir.1983); Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La App. 2d Cir.1982), writ denied 427 So.2d 1212 (La.1983).
By their first argument, plaintiffs contend the facts and circumstances of the case imply a genuine issue of material fact in the form of Goetz's intent in purchasing the CU policy. Plaintiffs sensibly argue that no one in the business of transporting horses would buy a policy that excludes coverage for damages to horses "transported by the insured." The argument apparently concedes that the policy, as written, would exclude the losses here alleged, and we have no alternative but to conclude that the exclusion is applicable. Damage was sustained to property "transported by the insured or in the insured's care, custody or control."
The law is well settled that the parties' intentions are determined from the language of the policy. LSA-C.C. art. 2045; Graves v. Traders & Gen'l Ins. Co., 252 La. 709, 214 So.2d 116 (1968); Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72 (1939); Miller v. Duthu, 470 So.2d 500 (La.App. 1st Cir.1985), writ denied 474 So.2d 1310 (La.1985). We can see no recourse to the speculative intent of the parties when the contract very clearly expresses the law between them. LSA-C.C. arts. 1983, 2046; Middlesex Mut. Fire Ins. Co. v. Ballard, 148 So.2d 865 (La.App. 1st Cir.1963). The instant contract is sufficient to state the parties' intent; allegations that speculate as to some "true" intent do not raise a genuine issue of material fact.
By their second argument, plaintiffs urge the policy is vague because the injuries to the horses, while arguably excluded under the "care, custody or control" clause, are also arguably included under the general provisions for "bodily injury." Insurance contracts are ambiguous when susceptible of divergent yet reasonable interpretations. Bingham v. St. Paul Ins. Co., 503 So.2d 1043 (La.App. 2d Cir.1987).
The law is settled that the terms of insurance contracts must be construed in their usual and ordinary sense. LSA-C.C. art. 2047; Ray v. Republic Vanguard Ins. Co., 503 So.2d 217 (La.App. 3d Cir.1987). We believe that "bodily injury," taken in its "generally prevailing meaning," indicates "hurt or harm to the human body or some member thereof by contact with some external force or violence." Nickens v. McGehee, 184 So.2d 271 (La.App. 1st Cir. 1966), writ denied 249 La. 199, 186 So.2d 159 (1966). To apply the "bodily injury" provision to animals would be to go far beyond the ordinary meaning of the term. This argument lacks merit.
We would conclude by noting the court's function is to interpret the contract. In the absence of a vice of consent, we cannot undermine a contract simply because it was a bad deal for one of the parties. Hinterlang v. Usner, 215 La. 626, 41 So.2d 455 (1949); Tahoe Corp. v. P & G Gathering Systems, 506 So.2d 1336 (La. App. 2d Cir.1987). Among the parties to the contract, the one adversely affected is Goetz, who has not contested the validity of the policy. If Goetz's intentions were not served by the instant policy, his remedy would be against the agent who did not fulfill Goetz's wishes, if the agent's acts warranted Goetz in assuming he was properly insured. Neustadter v. Bridges, 406 *830 So.2d 738 (La.App. 4th Cir.1981); LSA-C.C. art. 3003. No action, either direct or by subrogation, has been brought against Goetz's agent, whose identity was admitted by answer to interrogatory. R.p. 29. Since Goetz's intent in contracting with CU was not a genuine issue of material fact, the motion was properly granted. The judgment is affirmed at appellants' costs.
AFFIRMED.