Barbara A. FELDER, Plaintiff-Respondent,

v.

NORTH RIVER INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 88–0118. Submitted on briefs September 6, 1988.—Decided
November 14, 1988.*

(Also reported in 435 N.W.2d 263.)

For the plaintiff-respondent the cause was submitted on the briefs of *Peter J. Musante,* of Brookfield.

For the defendant-appellant the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* by *James J. Kriva* and *Sharon M. Burns,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   North River Insurance Company (North River) appeals an order of the circuit court awarding Barbara A. Felder (Barbara) fire insurance damages for a personal property fire loss and post-fire living expenses.[1] Pursuant to sec. 806.04(2), the circuit court's order declared the rights of the parties under the policy. The policy had been issued to Barbara and her late husband, Douglas W. Felder (Douglas). North River sought a declaration that Barbara's interest was limited to fifty percent of the personal property loss.[2]

---

[1]Felder claimed a personal property loss of $108,101.47 and living expense damages of $9,059.11.

[2]North River conceded liability for living expense damage and paid Barbara for the property damage to her home.

The circuit court's order dismissed Barbara's complaint and North River's counterclaim. Also, the circuit court, on the basis of the parties' briefs, stipulation, North River's affidavit and attached documents, determined that Barbara was entitled to recovery for the entire personal property loss under the terms of the policy.

Construction of an insurance policy presents a legal issue for this court and we accord no deference to the circuit court's conclusion. *Shelley v. Moir,* 138 Wis. 2d 218, 222, 405 N.W.2d 737, 739 (Ct. App. 1987). The parties admit no ambiguity in the policy. The sole issue raised on appeal is whether the trial court erred when it determined that Barbara was entitled to 100% recovery under the policy.

The dispositive facts are undisputed. After Barbara commenced divorce proceedings, her husband set their jointly owned home afire with gasoline and committed suicide by gunshot during the conflagration. Barbara was innocent of complicity with her husband's act. North River had issued a home owners policy to the Felders which covered *inter alia* personal property. The parties stipulated that the personal property was owned jointly with right of survivorship.

The policy conditions provided in part:

1. **Insurable Interest and Limit of Liability.**
   Even if more than one person has an insurable interest in the property covered, we shall not be liable.

   a. to the insured for an amount greater than the insured's interest; nor
   b. for more than the applicable limit of liability.

132

North River argues that Barbara's recovery must be limited to fifty percent of the loss because that was her interest in the property. North River contends that Douglas' death was not an "occurrence" under the policy and, therefore, should not mark the time of the loss. Rather, it was the setting of the fire and the resultant loss which defines Barbara's interest in the property. North River relies upon Barbara's concession in a deposition that she owned the property jointly with her husband, and upon a presumption that the parties to a divorce own their estate equally. Sec. 767.255, Stats.[3] North River concludes that her concession and the statutory presumption establish that Barbara's separate interest in the personal property was fifty percent. We disagree.

The interest of each joint tenant with right of survivorship is equal and relates to the entire property. From the creation of the joint tenancy to its termination by severance or operation of survivorship, each owns the entire estates.[4] Therefore, absent a severance, the Felders each held an equal, albeit undivided, interest in the entire personalty at the time of the fire.

The Wisconsin Supreme Court in *Hedtcke v. Sentry Ins. Co.*, 109 Wis. 2d 461, 326 N.W.2d 727 (1982),

---

[3]Barbara filed her action for divorce on May 17, 1985. Douglas set the fire and committed suicide on June 11, 1985.

[4]Section 700.17(2)(a), Stats., provides:

> (2) CHARACTERISTICS OF JOINT TENANCY. (a) Each of 2 or more joint tenants has an equal interest in the whole property for the duration of the tenancy, irrespective of unequal contributions at its creation. On the death of one of 2 joint tenants, the survivor becomes the sole owner; on the death of one of 3 or more joint tenants, the survivors are joint tenants of the entire interest.

examined a fact situation similar to the one involved in this case. The plaintiff's husband intentionally started a fire, which he survived, that destroyed their jointly owned home. The insurance company refused to reimburse the plaintiff for the damages. The supreme court set aside the common law rule that denied coverage to an innocent insured when a joint tenant committed arson. The *Hedtcke* decision adopted the majority rule, which focuses on "the contract of insurance rather than the interests and obligations arising from the nature of the property ownership." *Id.* at 485, 326 N.W.2d 738–39. Therefore, recovery is no longer determined by whether the interests and obligations of the insured are joint and several under property law.

The insurance policy should be construed as it is understood by a reasonable person in the position of the insured. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 40, 295 N.W.2d 201, 203 (Ct. App. 1980), *aff'd,* 101 Wis. 2d 170, 303 N.W.2d 669 (1981). In this case, the declaration of the policy designates "Douglas W. & Barbara Ann Felder" as named insureds. Policy definitions define "insured" as the named insureds and certain residents of the named insureds' household. The condition defining insurable interest provides in unequivocal terms that when a named insured consists of more than one person, each is dealt with according to his or her insurable interest. There is no language in the policy that made the Felders' obligations joint or imputed any fault or policy breach on the part of one to the other. Therefore, North River's policy obligations were several as to each person insured. Barbara, as owner of an undivided one-half interest in the entire property, and as a named insured, could only conclude that her interest, consisting of the entire property, enjoyed the

protection of the policy. *Hedtcke,* 109 Wis. 2d at 487, 326 N.W.2d at 739.

Relying on *Republic Ins. Co. v. Jernigan,* 719 P.2d 331 (Colo. Ct. App. 1985), *aff'd,* 753 P.2d 229 (Colo. 1988), North River insists that under the insurable interest and limit of liability clause in the policy, Barbara's recovery was limited to fifty percent. *Jernigan* involved an identical policy provision that stated that the insurer would not be liable to the insured "for an amount greater than the insured's interest." The plaintiff's husband had intentionally started their jointly owned home on fire. The court held that the plaintiff was entitled to receive fifty percent of the property damage because that was her interest in the property. *Id.* at 333. However, *Jernigan* is distinguishable because unlike the wrongdoer in this case, the arsonist in *Jernigan* survived. *See Jernigan,* 753 P.2d at 230, 233.

In *Hedtcke,* the supreme court held that the amount the innocent insured will recover "must be determined in the particular factual context of the case and in light of the public policy concerns . . . ." 109 Wis. 2d at 489, 326 N.W.2d at 740. The predominant public policy concern is that guilty persons must not profit from their own wrongdoing. *Id.* at 488, 326 N.W.2d at 740. The trial court should tailor the recovery given to the innocent insured to guard against the possibility that the arsonist will receive financial benefit. *Id.* at 489, 326 N.W.2d at 740. Unlike the wrongdoer in *Hedtcke,* Douglas did not survive the fire and there is no possibility that he will profit from his criminal act. Prior to Douglas' death, he owned an undivided one-half interest in the whole property and Barbara owned an undivided one-half interest in the whole property, jointly. *See* sec. 700.17(2), Stats.; *Wood v. Milin,* 134

Wis. 2d 279, 284, 379 N.W.2d 479, 481 (1986). When Douglas died his interest was extinguished and Barbara continued to own the property, but in her own right. *See Safeco Ins. Co. v. Kartsone,* 510 F. Supp. 856, 858–59 (C.D. Cal. 1981) (husband who set fire to jointly owned home died of burns from the blaze, wife/innocent insured received 100%); *American Economy Ins. Co. v. Liggett,* 426 N.E.2d 136, 142–45 (Ind. Ct. App. 1981) (wife recovered 100% of damages after husband died in fire that he intentionally started in their jointly owned home). *But see Howell v. Ohio Casualty Ins. Co.,* 307 A.2d 142 (N.J. Super. Ct. Law Div. 1973), *modified,* 327 A.2d 240 (N.J. Super. Ct. App. Div. 1974) (innocent spouse awarded fifty percent of property after arsonist/spouse died in fire).

We decline North River's invitation to apply the property division divorce statute as it existed at the time of the fire. Because the Felders never divorced, sec. 767.255, Stats. (1983–84) never became relevant. North River's intimation that the presumption created by sec. 767.255 severed the joint tenancy upon commencement of the divorce is entirely unsupported by case or statutory law.

In summary, Barbara's interest consisted of 100% of the property. Barbara, as a joint tenant, was led reasonably to expect that this interest was insured as provided by the unambiguous terms of the policy. We affirm the trial court's decision.

*By the Court.*—Order affirmed.