569 So.2d 637 (1990)
Olga Susan Vickrey MURPHY, Individually and as Tutrix of the Minor, Shawn Patrick Murphy and Miles Gray Murphy, Individually, Plaintiff-Appellant,
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, et al., Defendants-Appellees.
No. 21,871-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Mayer, Smith & Roberts by Ben Marshall, Jr., Shreveport, for plaintiff-appellant.
Brittain, Williams, McGlathery & Passman by Lala Sylvester, Natchitoches, Love, Rigby, Dehan, Love & McDaniel by Hani E. Dehan, Cook, Yancey, King & Galloway by Charles G. Tutt, R. Cody Mayo, Jr., Shreveport, Lunn, Irion, Johnson, Salley & Carlisle by Jack E. Carlisle, Jr., Shreveport, for defendants-appellees.
Before MARVIN and FRED W. JONES, Jr., JJ., and LOWE, J. Pro Tem.
CECIL C. LOWE, Judge Pro Tem.
Plaintiff brought suit for personal injuries against minor's father and his homeowner's insurer. The insurer brought motion for summary judgment on the grounds *638 that the policy excluded coverage. The trial court granted the insurer's motion and plaintiff's appeal. We affirm.

FACTS
In the early morning hours of October 25, 1987, Shawn Patrick Murphy sustained severe injuries as the result of being thrown from the bed of a pickup truck in which he was a guest passenger.
Shawn, a 14-year-old, and several of his teenage friends had earlier gathered at Bickham-Dickson Park, intending to camp out overnight. Alcohol was consumed by various members of the group and others who had joined the campers. Sometime around midnight or thereafter, the campers determined that it was too cold to camp out overnight and agreed to leave the park and assemble elsewhere. Ryan Redstone, Jason Leach and Shawn Murphy (and other passengers) left the park in the Redstone vehicle. Jason was driving because Ryan was intoxicated and could not drive. At the corner of Dixie Garden Road and Bermuda Street, Jason executed a left-hand turn onto Bermuda. Shawn was thrown from the tool box in the bed of the pickup where he was riding and severely injured.
Suit was filed on February 5, 1988. Robert Redstone, Ryan's father and owner of the Redstone vehicle and Commercial Union Insurance Company answered on April 15, 1988, generally denying all allegations and later produced a CU policy which indicated homeowner's coverage with a $400,000 limit pursuant to plaintiff's discovery request.
On October 5, 1988, CU filed its Motion for Summary Judgment on the basis that the CU policy did not afford coverage, but rather excluded coverage, for bodily injury or property damage arising out of the ownership, maintenance or use of a motor vehicle. The trial court granted the motion and this appeal followed.
At the time of the inception of the policy on May 8, 1987, Mr. and Mrs. Redstone resided at 630 Oak Hills Drive. By the time of the accident, the Redstones were judically separated. Mr. Redstone resided at 630 Oak Hills Drive in Shreveport. Mrs. Redstone resided at 948 Elmwood in Shreveport. Ryan resided with his mother on Elmwood.

ISSUES PRESENTED
Plaintiff argues that Ryan is not an insured within the meaning of the policy terms, so that neither the use exclusion nor the vicarious parental liability exclusions are triggered. Stated another way, if Ryan is an insured, the trial court was correct; if Ryan is not an insured, the trial court erred. Thus, the initial inquiry must be Ryan's status under the policy's terms.
Additionally, plaintiff argues that negligent entrustment of the automobile is a separate and distinct cause of action than one arising from the use of an automobile by Ryan.

THE POLICY PROVISIONS
The policy declarations contain the following information:
Named Insured and Mail Address:
Robert Elliot Redstone, Jr.
Linda Cheryle Grigg Redstone
630 Oak Hills Drive
Shreveport, Louisiana 71106
The definitions section of the policy, in pertinent part, reads as follows:
DEFINITIONS
In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if the resident of the same household. "We,", "us," and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:
3. "insured" means you and residents of your household who are:
a. your relatives; or,
b. other persons under the age of 21 and in the care of any person named above.
4. "insured location" means:
a. the residence premises;

*639 b. the part of other premises, other structures and grounds used by you as a residence and:
(1) which is shown in the Declarations; or
(2) which is acquired by you during the policy period for your use as a residence;
c. any premises used by you in connection with a premises in 4a or 4b above;
d. any part of a premises:
(1) not owned by an insured; and
(2) where an insured is temporarily residing;
h. any part of a premises occasionally rented to an insured for other than business use.
Finally, the exclusions sections contains the following language:
Section IIExclusions
1. Coverage E-Personal Liability and Coverage F-Medical Payments to Others do not apply to bodily injury or property damage:
e. arising out of:
(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyance, including trailers, owned or operated by or rented or loaned to an insured;
(2) the entrustment by an insured of a motor vehicle or any other motorized conveyance to a person; or
(3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.

ANALYSIS
Plaintiff argues that Ryan is not an "insured" because he resided with his mother on Elmwood and not with his father on Oak Hills, the "residence premises". Because Mrs. Redstone did not reside on Oak Hills, plaintiff argues that the policy is "flawed".
The clear and unambiguous terms of a policy of insurance, including exclusions, should be enforced. Messina v. Metropolitan Life Insurance Company, 431 So.2d 911 (La.App. 2d Cir.1983); Smith v. Western Preferred Casualty Company, 424 So.2d 375 (La.App. 2d Cir.), writ denied, 427 So.2d 1212 (1983); and Lacaze v. Gulf Life Insurance Company, 499 So.2d 1040 (La. App. 3d Cir.1986).
Exclusions contained in an insurance policy, when ambiguous, will be construed in favor of the insured. However, tortured constructions of the policy language which seize on every word as a possible source of confusion will not be sufficient to show an ambiguity exists. Such construction will be dismissed as mere sophistry. Leonard, Tutrix of Bland v. Continental Assurance Company, 457 So.2d 751 (La.App. 1st Cir.), writ denied, 460 So.2d 1047 (1984); Authement v. Security Industrial Insurance Company of Donaldsonville, 401 So.2d 402 (La. App. 1st Cir.1981). Words and phrases used in an insurance contract are to be construed in a usual and ordinary sense. Ray v. Republic Vanguard Insurance Company, 503 So.2d 217 (La.App. 3d Cir. 1987).
While plaintiffs are factually correct regarding the residence of each parent, their argument completely ignores the declarations section of the policy. Mrs. Redstone is a named insured with whom Ryan resided. As such, Ryan is an "insured" within the meaning of the policy provisions and the exclusions section is triggered.
Essentially, plaintiffs ask us to ignore one section of the policy in favor of another. But, provisions are to be construed, not a provision. Messina, supra. Any other interpretation is tortured. Leonard, supra. The trial court correctly interpreted these provisions and appropriately granted summary judgment.
The case cited by plaintiffs on appeal in support of this argument is distinguishable. In Dofflemyer v. Gilley, 395 So.2d 403 (La.App. 3d Cir.1981), rehearing denied, March 23, 1981, the minor son left his parents' home with no intention of returning; he was held not to be an insured. *640 Here, however, the son resided with his mother, a named insured under the policy.
As to plaintiffs' argument that negligent entrustment of the truck by Ryan is a separate and distinct cause of action, we note that (1)(e)(2) contains an exclusion for "the entrustment by an insured of a motor vehicle". For the reasons stated above, Ryan is an insured and this exclusion applies. This pretermits consideration of the argument.

DECREE
The judgment of the trial court granting summary judgment in favor of Mr. Redstone's homeowner's insurer, Commercial Union, is affirmed.