LEBLANC, Judge.
This appeal involves a wrongful death action brought by the widow of the deceased, Joseph W. Dauthier. The sole issue raised on appeal is whether insurance coverage is provided to Mr. Dauthier under the terms of a business auto policy issued by National Indemnity Company, such that summary judgment would be inappropriate.
On March 26, 1986, Ray Branch, an employee of Julian Lumber Company, Inc. (Julian), drove a truck loaded with pilings to the premises of Pointe Coupee Wood Treating, Inc. There, Mr. Ronnie Pourciau operated a forklift to unload pilings from the truck owned by Julian. During the process of unloading the truck, the forklift became unbalanced. Three men, one of whom was Mr. Dauthier, attempted to balance the forklift by climbing onto its rear. Soon after, the forklift tilted forward, throwing the men to the ground. Mr. Dau-thier died as a result of the injuries sustained in the fall.
Mr. Dauthier’s wife, Helen Dauthier, filed suit against National Indemnity Company, the vehicle liability insurer of Julian [1], claiming that Julian was liable for the negligence of Branch and Pourciau arising out of the use of the Julian truck (a covered auto under the policy).
Subsequently, National filed a motion for summary judgment. National argued that coverage for liability resulting from the activity involved is expressly excluded under the terms of the policy even if it is assumed that Julian, Pourciau and Branch are “insureds” under the policy and were negligent in causing Mr. Dauthier's death. The trial court granted the summary judgment and plaintiff appeals.
The National policy provides:
We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
The National policy also specifically excludes from coverage “[bjodily injury or property damage resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto.” National maintains coverage was excluded under the provision since decedent’s death resulted from the unloading of property with a mechanical device, i.e. a forklift, not attached to the covered auto.
Appellant contends that this exclusionary language is ambiguous. Specifically, appellant argues that the policy does not clearly establish what constitutes a “mechanical device”. The insurance policy does not provide a definition for “mechanical device”. However, appellant contends that the policy’s definition of “mobile equipment” is significant. “Mobile equipment” is defined to include forklifts as well as numerous other types of equipment. Appellant suggests that if the exclusionary language in question was intended to exclude the loading and unloading of a truck using a forklift or any other type of “mobile equipment”, the term “mobile equipment” would have been used instead of the term “mechanical device”. Based on these arguments, appellant contends that the trial court erred in granting National’s motion for summary judgment.
An insurance policy is a contract between the insured and insurer and as such constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). In determining the common intent of the parties, the words of a contract must be given their generally prevailing meaning. La.C.C. art. 2047; Thomas v. Kilgore, 537 So.2d 828 (La.App. 5th Cir.1989). When the policy wording in dispute is clear and does not lead to absurd consequences, the agreement must be enforced as written. La.C.C. art. 2046; Pareti, 536 at 420. However, any ambiguities in the interpretation of the insurance con *558 tract must be construed in favor of coverage for the insured. Id.
Webster’s New World Dictionary (3d College ed. 1988) defines “mechanical” as “having to do with, or having skill in the use of, machinery or tools” and device as “a mechanical invention or contrivance for some specific purpose.” Thus, a “mechanical device” is generally understood to be an invention or contrivance having to do with machinery or tools.
Although “mechanical device” is a very broad term the terms of the contract give no indication that the parties did not intend that this exclusionary provision would be given very broad effect. Clearly, a forklift fits within the generally prevailing meaning of the term “mechanical device”. See, W. McKenzie & H. Alston Johnson, III, 15 Louisiana Civil Law Treatise, Insurance Law and Practice, § 66, p. 175 (1986). The fact that a forklift is also classified as “mobile equipment” under the terms of the policy is of no consequence when interpreting the exclusionary clause in question. A forklift can be classified as both a “mechanical device” and “mobile equipment” without producing absurd or inconsistent results.
Exclusionary clauses must be interpreted strictly in the insured’s favor. Borden Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). However, when there is no ambiguity, “tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry.” Leonard, Tutrix of Bland v. Continental Assur., 457 So.2d 751, 754 (La.App. 1st Cir.), writ denied 460 So.2d 1047 (1984).
Clearly, in this case, the decedent’s injuries occurred as a result of the movement of property (the pilings) by a mechanical device (the forklift) that was not attached to the covered auto (Julian truck). The policy language clearly and unambiguously sets forth that no coverage is afforded for - bodily injury resulting from the activity which caused the decedent’s death. Summary judgment in favor of National was appropriate.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Numerous other parties were also named as defendants. The other defendants are not relevant to this appeal.